**UNITED STATES of America, Plaintiff,**

v.

**MARYLAND & VIRGINIA MILK PRODUCERS ASSOCIATION, Defendant.**

**UNITED STATES of America, Plaintiff,**

v.

**MARYLAND & VIRGINIA COOPERATIVE MILK PRODUCERS ASSOCIATION, Defendant.**

Crim. Nos. 991–55, 992–55.

United States District Court District of Columbia.

April 5, 1957.

See also, 145 F.Supp. 151, 374.

Herbert A. Bergson, William J. Hughes, Jr., and Daniel H. Margolis, Washington, D. C., for defendants for the motion.

Joseph J. Saunders, Edna Lingreen, and Joe E. Waters, Dept. of Justice, Washington, D. C., opposed.

HOLTZOFF, District Judge.

This is a motion by a defendant in two criminal cases for a return by the Government of copies of certain documents.

In these two cases the grand jury had returned indictments charging the defendant with violations of the antitrust laws and the Robinson-Patman Price Discrimination Act, 15 U.S.C.A. §§ 13, 13a, 13b, 21. During the investigation that led to the indictments, the Government secured the production by the defendant by subpoenas *duces tecum* of a large number of documents. During the grand jury proceeding the Government for its convenience made copies of some of these documents. Eventually these indictments were dismissed on motion of the Government without a trial, and immediately after the dimissal, the Government filed civil suits for injunctions based on the same transactions as those involved in the indictments. The Government has returned the original documents that the defendant had produced in response to subpoenas *duces tecum*, but has retained the copies that it had made of some of them. The defendants now move for a return of the copies.

There is no doubt that it was both lawful and proper for the Government in the course of its investigations to make copies for its use in the proceedings of documents which had been lawfully produced by the defendant. The question is, however, whether the proceedings having been terminated, the copies that were lawfully made should be turned over to the defendants.

In the case of United States v. Wallace & Tiernan Co., 336 U.S. 793, 801, 69 S.Ct. 824, 828, 93 L.Ed. 1042, the Supreme Court in a somewhat similar situation made the following statement:

"Return of the photostats, like return of the originals, necessarily followed from the dismissal of the indictment."

Under ordinary circumstances in the light of this statement, this Court would order return of the copies. If, however, the copies were returned, the Government would immediately have the right to secure the same documents by discovery proceedings in the civil actions, pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The Court is unable to perceive that any benefit or advantage would inure to the defendant by requiring this circumlocution. There is no question in this case of any unlawful search and seizure or of the privilege against self-incrimination. All that is involved is a matter of practice and procedure.

The Court feels, in accordance with the modern tendency to eliminate technicalities and to simplify procedure, that no legitimate advantage would be obtained and that no disadvantage would be involved if this motion were denied instead of the Government being directed to return the copies and then be permitted to make a motion under Rule 34 for their production, which would undoubtedly delay further proceedings in these cases. The law will not require a party to do a futile thing.

The motion is denied.